UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | |
|---|---|
| **WALTER P. REEDER** | **CIVIL ACTION NO. 13-690-P** |
| **VERSUS** | **JUDGE WALTER** |
| **PARISH OF BOSSIER, ET AL.** | **MAGISTRATE JUDGE HORNSBY** |

REPORT AND RECOMMENDATION

In accordance with the standing order of this court, this matter was referred to the undersigned Magistrate Judge for review, report and recommendation.

STATEMENT OF CLAIM

Before the court is a civil rights complaint filed in forma pauperis by pro se plaintiff Walter P. Reeder ("Plaintiff"), pursuant to 42 U.S.C. § 1983. This complaint was received and filed in this court on March 21, 2013. Plaintiff claims his civil rights were violated by prison officials while incarcerated in the Bossier Medium Correctional Center in Plain Dealing, Louisiana. Plaintiff names the Parish of Bossier, the Department of Corrections, the Steve Hoyle Treatment Center, Rodney Boyer, Mark Causey, Wynona Burton, Shay Carter, Jeff Jones, Quinton Black, Nathan Edie, Chaplain John Doe, Julian Whittington, Susan Tucker, James LeBlanc, and Ed Baswell as defendants.

On January 9, 2014, this court granted Plaintiff's motion to amend his complaint. However, that order was returned to this court on January 16, 2014 by the United States Postal Service marked "Refused - Released time served." To date, Plaintiff has not

informed this court of his new address.

Accordingly;

**IT IS RECOMMENDED** that this complaint be **DISMISSED WITHOUT PREJUDICE**, sua sponte, for failure to prosecute, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure as interpreted by the court and under the court's inherent power to control its own docket.  See Link v. Wabash Railroad Company, 370 U.S. 626, 82 S.Ct. 1386 (1962); Rogers v. Kroger Company, 669 F.2d 317, 320-321 (5th Cir. 1983).

## OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b).  A party may respond to another party's objections within ten (10) days after being served with a copy thereof.  Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions that were accepted by the district court and that were not objected to by the aforementioned party.  See Douglas v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

**THUS DONE AND SIGNED**, in chambers, at Shreveport, Louisiana, on this 25th day of September 2014.

_____
Mark L. Hornsby
U.S. Magistrate Judge